UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEAN E. WOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-02795-JPH-DML ) |
| CHRISTINE WORMUTH Hon., Secretary of the Army, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Sean Wood, a United States Army veteran, asks the Court to overturn the Army Board for Correction of Military Records' (ABCMR) decision to not modify his military service record.  The Army has moved for summary judgment.  Because the Army's decision was not arbitrary and capricious, that motion is **GRANTED**.  Dkt. [71].[1]

I.
Facts and Background

The following facts are taken from the administrative record and accepted as true.  *See Citizens for Appropriate Rural Roads, Inc. v. Foxx*, 14 F. Supp. 3d 1217, 1228 (S.D. Ind. Mar. 31, 2014) (citing *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744–745 (1985)).

---

[1] It appears that Mr. Wood may have intended his "initial brief" to serve as a motion for summary judgment.  Dkt. 69 at 12–13.  The Court considers all the arguments raised in that filing and evidence attached in resolving this motion.

Mr. Wood enlisted in the United States Army and served honorably for his first term of service, 1981-1983. Dkt. 65-3 at 2. During this term, he earned several achievement medals and expert weapons qualifications. *Id.*; dkt. 65-6 at 2. Unfortunately, things took a turn for the worse during his second term of service, 1984-1985.

## A.  Disciplinary charges and discharge

### 1. 1984 charges

In October 1984, Mr. Wood was charged with failing to report for duty on two occasions in July 1984 (Charge I) and overindulgence in intoxicating liquor (Charge II). Dkt. 65-7 at 62–63 (Oct. 2 Charge Sheet). At a summary court-martial proceeding[2] that followed, Mr. Wood was found guilty on Charge 1 and not guilty on Charge II. *Id.* at 60 (Oct. 3 Report of Result of Trial). Mr. Wood appealed. *Id.* at 66 (Oct. 31 Judge Advocate Order). On review, the verdict on Charge I was vacated and set for rehearing and Charge II was dismissed. *Id.* at 67 (Oct. 31 Summary Court-Martial Order). In November 1984, the Army recharged Mr. Wood with failing to report for duty on two occasions in July 1984. *Id.* at 70 (Nov. 15 Charge Sheet). He was found guilty. *Id.* at 74 (Nov. 21 Report of Result of Trial).

### 2. 1985 charges

---

[2] "A summary court-martial is the lowest form of court-martial and consists of a single commissioned officer who determines guilt or innocence . . . . No accused may be tried by summary court-martial if he or she objects to such a trial." Dkt. 65-7 at 101. "If a sentence is adjudged at a summary court-martial, the convening authority must review the record of the trial . . . and may approve or disapprove of all or any part of the legal sentence . . . ." *Id.*

In April 1985, Mr. Wood was charged with being absent without leave on two occasions in March and April. *Id.* at 85 (Apr. 11 Charge Sheet). About a month later, he was charged with additional violations: failure to report for duty on May 6, 1985, and breaking restriction on May 5, 1985. *Id.* at 83 (May 8 Charge Sheet). Mr. Wood's commanding officers and a staff judge advocate recommended that Mr. Wood be tried on both sets of charges by a special court martial empowered to adjudge a Bad Conduct Discharge from the military. Dkt. 65-50 at 2 (May 10 Pretrial Advice). On May 10, both the April and May charges were referred to a special court martial "empowered to adjudge a Bad Conduct Discharge." *Id.* at 4 (Referral of April charges); 7 (Referral of May charges).

### 3. Discharge from the Army under "other than honorable" conditions

Thereafter, Mr. Wood requested a "chapter 10" discharge in lieu of court-martial on the April and May charges. Dkt. 65-49 at 1 (Chapter 10 discharge request). Under chapter 10 of Army Regulation 635-200, "[a] soldier who has committed an offense or offenses, the punishment for which . . . includes a bad conduct . . . discharge, may submit a request for a discharge in lieu of trial by court-martial." Dkt. 65-7 at 103.

The administrative record shows that Mr. Wood signed the request, which acknowledged that he "voluntarily" requested the chapter 10 discharge after consulting with counsel and understood the consequences. Dkt. 65-49 at 3–4 (Request for Discharge). His counsel also signed the request. *Id.* at 4.

3

The Army granted his request, *id.* at 1 (May 17 Request for Discharge Approval), and Mr. Wood was discharged under "other than honorable" conditions on June 7, 1985, dkt. 65-7 at 1.

### B. Challenges to military record and conditions of discharge

#### 1. Administrative challenges before ABCMR

Over the next decade, Mr. Wood challenged his military record and conditions of discharge several times arguing:

(a) that his November 1985 court-martial constituted double jeopardy, dkt. 65-47;

(b) that his courts-martial had procedural errors and were based on "unsubstantiated allegations," dkt. 65-46; and,

(c) that he signed the chapter 10 discharge under duress without advice of counsel, dkt. 65-42; dkt. 65-38.

On each of these occasions, the ABCMR reviewed Mr. Wood's case and denied relief based on either a finding of no error or because of procedural defects in the application. Dkt. 65-43 (1987 denial); dkt. 65-41 (1991 denial); dkt. 65-36 (1994 denial).

In 1998, Mr. Wood again applied for review and correction of his records and requested to be reinstated into service. Dkt. 65-17 at 4 (Jun. 16, 1998 Motion to Correct Illegal Summary Court Martials and Wrongful and Illegal Discharge). He raised many of the same arguments that had been raised in the prior appeals. *Id.* at 6–7. The ABCMR conducted another review of his military record and conditions of discharge and found:

(a) the fact that the November 1984 court-martial trial record reflected the commanding officer's rather than

4

>   Mr. Wood's initials (*see* dkt. 65-7 at 73) did not establish that the trial was procedurally flawed. The Board found that "as noted on the form itself this statement may be but is not required to be initialed by the accused";
>
> (b) the November 1984 summary court-martial did not constitute double jeopardy because the October appeal authorized a rehearing on Charge I;
>
> (c) the Board did not have the authority to "disturb the finality of a court-martial conviction"; and,
>
> (d) the chapter 10 discharge was "administratively correct and in conformance with applicable regulations." It found there was "no indication that the request was made under coercion or duress."

Dkt. 65-15 at 3 (Nov. 18, 1998 Memorandum of Consideration).

### 2. Previous legal challenges in court

Over the years, Mr. Wood has also filed multiple legal actions challenging his military record and conditions of discharge. *Wood v. Sec'y of the Army*, No. 6:00-cv-0586-JA (M.D. Fla. Nov. 19, 2001), *appeal denied as untimely, Wood v. Sec'y of the Army*, 44 F. App'x 471 (Fed. Cir. 2002); *Wood v. United States of America, et al.*, 3:05-cv-01831-JMM (M.D. Pa. Feb. 23, 2007); *Wood v. Sec'y of the Army*, No. 3:17-cv-01390-MEM-SES (M.D. Pa. Jul. 18, 2018).[3]

### 3. Most recent administrative challenge that is subject of this lawsuit

In June 2019, Mr. Wood filed another application with ABCMR for correction of his military record. Dkt. 65-7 at 1 (Application for Correction of Military Record). He raised the same arguments that had previously been

---

[3] The Army does not argue that res judicata or collateral estoppel would apply to any aspect of this suit, so the Court does not address that possibility.

5

raised and considered in prior appeals: that the 1984 convictions must be removed because they constituted double jeopardy; that his chapter 10 discharge violated Army regulations because he was coerced into signing and was not appointed counsel; and that the ABCMR had erred when it found it did not have authority to remove the court-martial convictions from his record. *Id.* at 3–4 (Brief submitted to ABCMR at 2–3); dkt. 65-6 at 2–3 (Summary of Mr. Wood's arguments). He also presented new evidence from a forensic examiner who reviewed his chapter 10 discharge documents and found that the April 1985 Charge Sheet was "pieced together." Dkt. 65-7 at 92 (Opinion of forensic document examiner). Mr. Wood argued that this evidence showed that his command had "altered the charge sheet" and rendered his chapter 10 discharge invalid. Dkt. 65-7 at 4.

In August 2021, the ABCMR denied Mr. Wood's application. Dkt. 65-6 at 11 (Record of Proceedings). The Board construed the 2019 application as a request for reconsideration of its 1998 denial and found no reason to depart from the rulings made in 1998. Dkt. 65-4 (Decision Letter). The Board did, however, correct Mr. Wood's records to reflect that he had served honorably from April 1981 until December 1983. Dkt. 65-6 at 11.

Mr. Wood now asks the Court to review the ABCMR's 2021 decision under the Administrative Procedure Act, 5 U.S.C. § 706, and find that the denial of his application was arbitrary and capricious. Dkt. 69 at 9. The Army has moved for summary judgment. Dkt. 71.

## II.
## Applicable Law

The Administrative Procedure Act (APA) authorizes courts to review final agency action and reverse agency decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  A reviewing court may not alter the outcome of an agency decision unless "the agency relied on factors that Congress did not intend it to consider, failed to consider an important aspect of the problem, or failed to articulate a satisfactory connection between the facts found and the choice made."  *Dubnow v. McDonough*, 30 F.4th 603, 610 (7th Cir. 2022) (citing *Sierra Club v. EPA*, 774 F.3d 383, 393 (7th Cir. 2014)).  "Under this highly deferential standard, an administrative decision should be upheld 'as long as the agency's path may be reasonably discerned.'"  *Sierra Club*, 774 F.3d at 393 (quoting *Mt. Sinai Hosp. Med. Ctr. v. Shalala,* 196 F.3d 703, 708 (7th Cir. 1999)).

The party contesting the agency action bears the burden of proof to show that the decision was arbitrary and capricious. *Sierra Club v. Marita*, 46 F.3d 606, 619 (7th Cir. 1995).  On review, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the agency."  *Dubnow*, 30 F.4th at 610 (citations omitted).  "Still, the agency must provide a 'logical bridge' between the evidence and its conclusion."  *Id.*

Under 10 U.S.C. § 1552(a), the Secretary of the Army "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."  Thus, when reviewing the decision of the ABCMR, courts adhere to "an unusually deferential

7

application of the 'arbitrary or capricious' standard" because "it is simply more difficult to say that the Secretary has acted arbitrarily if [s]he is authorized to act '*when [s]he considers it necessary* to correct an error or remove an injustice.'" *McKinney v. Wormuth*, 5 F.4th 42, 45–46 (D.C. Cir. 2021) (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)); *see Escobedo v. Green*, 602 F. Supp. 2d. 244, 248 (D.D.C. 2009).[4]

### III.
### Analysis

Mr. Wood argues that the ABCMR arbitrarily and capriciously failed to correct errors in his military service record. He asks the Court to order ABCMR to take the following actions: remove the October 1984 court-martial from his military record; remove the November 1984 court-martial from his military record; remove the chapter 10 discharge from his military record; and find that the ABCMR erred in stating that it lacked authority to remove the courts-martial from his record. Dkt. 69 at 9–13. The Army responds that the ABCMR properly considered the record and found that Mr. Wood had not established that correction was necessary. Dkt. 72 at 11.

**A.    ABCMR considered each of Mr. Wood's arguments**

**1. Challenge based on double jeopardy**

In its most recent review, the ABCMR found that the November 1984 court-martial did not constitute double jeopardy. The order explained that the fact that a retrial was ordered after the October conviction on Charge 1 was

---

[4] While the Court applies the statutory "unusually deferential application of the 'arbitrary or capricious' standard", see 10 U.S.C. § 1552(a), it would reach the same outcome under the APA's "highly deferential standard".

vacated "does not constitute dismissal of charges, and therefore [Mr. Wood] did not have the option to consent to a reinstatement of the charges for a second summary court-martial."  Dkt. 65-6 at 10.

### 2. Challenge to discharge proceeding

The ABCMR further found that the chapter 10 discharge was not "in error or unjust" because the request for discharge was signed by Mr. Wood, who attested that he signed voluntarily on advice of counsel, and was signed by counsel.  *Id.*  The ABCMR also considered the report from the forensic document examiner and Mr. Wood's argument that the April charge sheet was altered so his discharge was unlawful.  *Id.* at 2, 3.

### 3. Challenge to ABCMR's authority to remove court-martial convictions

Finally, the ABCMR again informed Mr. Wood that, as it told him before, the ABCMR did not have authority to remove the court-martial convictions from his record.  *Id.* at 10.

### B.     ABCMR's conclusions are supported by law and by the record

Mr. Wood asks the Court to overturn the ABCMR's decision.  The Court cannot grant such relief unless it finds that the ABCMR "relied on factors that Congress did not intend it to consider, failed to consider an important aspect of the problem, or failed to articulate a satisfactory connection between the facts found and the choice made."  *Dubnow*, 30 F.4th at 610.  Here, the ABCMR's conclusions are supported by law and by the evidence in the record.

### 1. November 1984 re-trial did not constitute double jeopardy

9

The record shows that after Mr. Wood was convicted of Charge 1 in the October 1984 court-martial, that conviction was vacated and set for rehearing. Dkt. 65-7 at 67 (Oct. 31 Summary Court-Martial Order). Therefore, the ABCMR's finding that the November 1984 re-trial and conviction on that charge didn't constitute double jeopardy is reasonable and supported by the record. *See e.g. Bravo-Fernandez v. United States*, 580 U.S. 5, 18 (2018) ("When a conviction is overturned on appeal, the general rule is that the [Double Jeopardy] Clause does not bar reprosecution . . . . The ordinary consequence of vacatur, if the Government so elects, is a new trial shorn of the error that infected the first trial.").

### 2. No evidence that Chapter 10 discharge proceedings were unlawful

The record shows that the chapter 10 discharge request was signed by Mr. Wood and his counsel. Dkt. 65-49 at 3–4 (signed chapter 10 discharge request). Therefore, the ABCMR's finding that the chapter 10 discharge was lawful is reasonable and supported by the record. While Mr. Wood has since argued that he was under duress when he signed the request, the ABCMR concluded there was no evidence to support that finding. Dkt. 65-6 at 9 (ABCMR 2021 Record of Proceedings: Facts at ¶29(d)). That conclusion can't be disturbed now because the Court is not allowed to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the agency." *Dubnow*, 30 F.4th at 610.

Mr. Wood argues that the decision must be reversed because the ABCMR did not conduct a "direct review" of the April Charge Sheet he claims was

"altered" and thus the Board failed to adequately explain its decision. Dkt. 69 at 12. He further argues the evidence of the "altered" Charge Sheet shows that his chapter 10 discharge was unlawful. *Id.*

The Court acknowledges Mr. Wood's argument that the Charge Sheet referring the April and May charges to special court-martial appears to be "pieced-together"—*i.e.*, it looks like one piece of paper placed was over the bottom-half of another and photocopied. Dkt. 65-7 at 86; dkt. 65-7 at 92 (Opinion of forensic document examiner). But, when reviewing an agency decision, the Court is not allowed to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the agency." *Dubnow*, 30 F.4th at 610. Instead, the Court's role is only to ensure that the agency "articulate[d] a satisfactory connection between the facts found and the choice made." *Id.*

Here, the ABCMR acknowledged Mr. Wood's argument about the Charge Sheet in its decision, dkt. 65-6 at 3, and "carefully considered" Mr. Wood's request to remove the chapter 10 discharge by reviewing the "supporting documents" and the "evidence in the records." Dkt. 65-6 at 10. It determined his discharge was "not in error or unjust." *Id.* That decision is consistent with the evidence that both the April and May 1985 charges were referred to special court-martial to be tried together, *see* dkt. 65-7 at 84; dkt. 65-7 at 86, but then Mr. Wood elected to proceed with a chapter 10 discharge instead, dkt. 65-49 at 3–4. Understandably, Mr. Wood wishes that the ABCMR had weighed the

11

Charge Sheet evidence differently or discussed it more extensively, but the Court is not permitted to reweigh that evidence now. *Dubnow*, 30 F.4th at 610.

The cases that Mr. Wood cites do not change the outcome on this issue. For example, Mr. Wood cites *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009), for the proposition that due process is violated when an agency relies on "improperly altered evidence" in reaching its conclusion. In *Cushman*, there had been a separate judicial determination by the Ninth Circuit that evidence in the plaintiff's medical records had been fraudulently altered. *Id.* at 1295. The Federal Circuit, therefore, remanded the case to the agency because it found there was a reasonable probability that the plaintiff's benefits decision may have been different if the proper documents had been considered. *Id.* at 1300.

Here, Mr. Wood has presented no evidence to support his allegation that the Charge Sheet was altered as a result of fraud. But regardless, nothing in the record suggests that the ABCMR's decision would have been different if the agency made an express finding that the Charge Sheet had been altered. The ABCMR found that chapter 10 discharge was lawful because Mr. Wood signed a request to be discharged in lieu of special court-martial and that he did so on advice of counsel, and counsel signed the request. Dkt. 65-49 at 3–4 (signed chapter 10 discharge request). The ABCMR found there was no evidence suggesting the procedure or outcome were in error or unjust. Again, the Court may not "reweigh evidence . . . or substitute [its] judgment for that of the

agency" *Dubnow*, 30 F.4th at 610, which is what it would have to do to reach the result sought by Mr. Wood.

### 3. ABCMR does not have authority to remove court-martial convictions

Federal courts have decided that the ABCMR lacks jurisdiction to remove court-martial convictions from military records. *See Bolton v. Dep't of the Navy Bd. for Corr. of Naval Records*, 914 F.3d 401, 408 (6th Cir. 2019); 10 U.S.C. § 1552(f). Instead, the ABCMR's authority is restricted to "correct[ing] a record to reflect actions taken by reviewing authorities" or modifying a sentence "for purposes of clemency." *Hurn v. Kallis*, 762 F. App'x 332, 334 (7th Cir. 2019) (citing *Bolton*, 914 F.3d at 408). Thus, in this case, the ABCMR correctly found it does not have authority to expunge a court-martial conviction. *Bolton*, 914 F.3d at 407–09 ("[The ABCMR] properly decided that it lacked jurisdiction where the issue was limited to setting aside the conviction or deleting the record."). Because the ABCMR's conclusion is not contrary to law, its decision not to modify Mr. Wood's record was not arbitrary or capricious. *Dubnow*, 30 F.4th at 610.

### C. Mr. Woods other arguments raised do not provide a basis for reversing the ABCMR's decision

Although not directly raised in his application for correction of military records, dkt. 65-7 at 1, Mr. Wood has raised some additional points in his filings in this case that the Court considers here.

First, Mr. Wood argues that his convictions and his discharge were in retaliation for his refusal to participate in a cover up. Dkt. 65-7 at 3; dkt. 69 at

13

2. Specifically, he maintains that in August 1984 he witnessed a training exercise in which another service member died but refused to lie about the circumstances. Dkt. 69 at 2. While Mr. Wood asserts that he raised this issue back in 1985, the record shows he first raised this issue nearly 10 years after the events and Army concluded that allegation too stale to investigate because the statute of limitations had passed. *See* dkt. 65-7 at 100 (Jan. 26, 1995 Letter from Officer of the Inspector General). The ABCMR considered this evidence in its decision, dkt. 65-6 at 2, 8, but still concluded there was no basis for finding that his discharge was "in error or unjust," *id.* at 10. Given the Army's broad discretion to alter records only when "consider[ed] necessary", 10 U.S.C. § 1552(a), the Court cannot reweigh that evidence now or come to a different conclusion now.

Second, he argues that the evidence shows his October 1984 court-martial was rushed through in bad faith because one of his pay stubs from that time shows a monetary penalty was imposed the day before the hearing was held. Dkt. 65-7 at 3; dkt. 69 at 2–3. The Army responds that Mr. Wood is misinterpreting the information on his pay stub. Dkt. 72 at 14. But, even if he is correct that the dates are suspect, the Army considered that argument when he challenged his November court-martial back in 1984. *See* dkt. 65-6 at 5 (ABCMR 2021 Record of Proceedings: Facts at ¶12(a–b)). Specifically, on November 28, 1984, a Staff Judge Advocate rejected his argument that his conviction was invalid because "his finance records reflect reduction and loss of pay effective prior to" the hearing. *Id.* The Staff Judge Advocate found that

allegation didn't "affect the validity of the court-martial proceedings." *Id.* And the ABCMR reviewed and considered those records in its most recent review; but found there was no basis to change his court-martial sentence. *Id.* at 5, 11. The Court cannot reweigh that evidence now. *Dubnow*, 30 F.4th at 610.

\* \* \*

The Court understands Mr. Wood's desire to remove the military court-martial convictions and the terms of his discharge from his military record. But the administrative record shows that the ABCMR considered Mr. Wood's arguments, reviewed the evidence he submitted, and found there was no relief available to him. Under these circumstances, and due to the Secretary's broad statutory discretion to modify a military record when she "considers it necessary to correct an error or remove an injustice", 10 U.S.C. § 1552(a), there is no basis for the Court to conclude that ABCMR's decision was arbitrary, capricious, or contrary to law. *Marita*, 46 F.3d at 619.

## IV.
## Conclusion

Defendant's motion for summary judgment is **GRANTED**. Dkt. [71]. Mr. Wood's motion for ruling, dkt. [84], is **granted to the extent** that the Court has resolved the pending motion for summary judgment.

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 5/5/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

15

Distribution:

SEAN E. WOOD
3283 Sextant Drive
Franklin, IN 46131

J. Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
taylor.kirklin@usdoj.gov